XAVIER BECERRA
Attorney General of California
PAUL STEIN
Supervising Deputy Attorney General
JAY C. RUSSELL, State Bar No. 122626
CHAD A. STEGEMAN, State Bar No. 225745
PETER H. CHANG, State Bar No. 241467
Deputy Attorney General
  455 Golden Gate Ave., Ste. 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3624
  Fax:  (415) 703-5843
  E-mail:  Chad.Stegeman@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC., et al.,**<br><br>                       Plaintiffs,<br><br>v.<br><br>**ALEX PADILLA, in his official capacity as Secretary of State of the State of California, et al.,**<br><br>                       Defendants. | 2:19-cv-01501-MCE-DB<br><br>**DEFENDANTS' ANSWER**<br><br>Action Filed:  August 6, 2019<br><br>Judge: Morrison C. England, Jr. |

1

Defs.' Answer (2:19-cv-01501-MCE-DB)

Defendants Padilla and Becerra answer the Complaint For Declaratory and Injunctive Relief ("Complaint") (ECF No. 1) in paragraphs that correspond to the numbered paragraphs in the Complaint, as follows:

## INTRODUCTION

1. The allegations contained in Paragraph 1 of the Complaint constitute legal conclusions that require no response; to the extent a response is required, Defendants admit that the United States Constitution and the referenced judicial opinion speak for themselves and deny any remaining allegations.

2. The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions that require no response; to the extent a response is required, Defendants admit that the United States Constitution and the referenced judicial opinions speak for themselves and deny any remaining allegations.

3. The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions that require no response; to the extent a response is required, Defendants admit that the cited judicial opinion speaks for itself, deny that Senate Bill 27 ("the Act") was passed to retaliate against any individual for his or her political associations or speech, or is based in any way on the "motivating ideology or the opinion or perspective" of any private speaker, and deny any remaining allegations.

4. Defendants admit that the referenced statute speaks for itself, and deny the remaining allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants admit that on July 30, 2019, Governor Newsom signed the Act into law, and that the law requires, among other things, that presidential candidates wishing to participate in California's primary election authorize the California Secretary of State to publicly release five years of their tax returns (with redactions required or permitted by the Act). Defendants deny the remaining allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

2

Defs.' Answer (2:19-cv-01501-MCE-DB)

## JURISDICTION AND VENUE

8. The allegations contained in Paragraph 8 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required, Defendants admit, without waiving their affirmative defenses, that this Court has jurisdiction to hear Plaintiffs' claims.

9. The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required, Defendants admit that venue is proper in this Court.

## PARTIES

10. Defendants deny the allegations in Paragraph 10 of the Complaint for lack of sufficient information or belief.

11. Defendants admit that Donald J. Trump is the 45th President and is a member of the Republican Party, but otherwise deny the allegations in Paragraph 11 of the Complaint for lack of sufficient information or belief.

12. Defendants admit that Alex Padilla is the California Secretary of State, that he is being sued in his official capacity, and that he is charged with enforcing the Act. Defendants deny the allegations that he is responsible for enforcing "all election laws and campaign disclosure requirements," and that he oversees "all elections within California." Defendants deny any remaining allegations in Paragraph 12.

13. Defendants admit that Xavier Becerra is the California Attorney General, that he is being sued in his official capacity, and that he has a duty, *inter alia*, to see that state laws are "uniformly and adequately enforced." Cal. Const., Art. V, § 13. Defendants deny any remaining allegations in Paragraph 13.

## BACKGROUND

The heading and subheading that separate paragraphs 13 and 14 of the Complaint do not constitute material allegations that require a response; to the extent a response is required, Defendants admit the allegations.

14. The allegations contained in Paragraph 14 of the Complaint constitute legal

3

Defs.' Answer (2:19-cv-01501-MCE-DB)

1  conclusions that require no response; to the extent a response is required, Defendants admit that
2  the cited constitutional provision speaks for itself.
3     15.  The allegations contained in Paragraph 15 of the Complaint constitute legal
4  conclusions that require no response; to the extent a response is required, Defendants admit that
5  the referenced judicial opinion speaks for itself.
6     16.  Defendants admit that States have power to set procedural requirements for federal
7  elections and that they may not adopt additional "Qualifications" for presidential candidates as
8  that term is used in article II, section 1, clause 5 of the United States Constitution. Defendants
9  deny any remaining allegations in Paragraph 16.
10    The heading that separates paragraphs 16 and 17 of the Complaint does not constitute a
11 material allegation that requires a response; to the extent a response is required, Defendants deny
12 the allegation.
13    17.  The allegations contained in Paragraph 17 of the Complaint constitute legal
14 conclusions that require no response; to the extent a response is required, Defendants admit that
15 the referenced judicial opinion speaks for itself and deny the remaining allegations.
16    18.  The allegations contained in Paragraph 18 of the Complaint constitute legal
17 conclusions that require no response; to the extent a response is required, Defendants admit that
18 the referenced judicial opinion speaks for itself and deny the remaining allegations.
19    19.  The allegations contained in Paragraph 19 of the Complaint constitute legal
20 conclusions that require no response; to the extent a response is required, Defendants admit the
21 allegations in Paragraph 19.
22    20.  The allegations contained in Paragraph 20 of the Complaint constitute legal
23 conclusions that require no response; to the extent a response is required, Defendants admit that
24 the referenced judicial opinion speaks for itself, and that governmental restrictions on the right to
25 run for public office must be closely examined when they impose significant burdens on the First
26 Amendment rights of voters or candidates. Defendants deny that the Act imposes significant
27 burdens on the First Amendment rights of voters or candidates, and deny any remaining
28 allegations in Paragraph 20.

4

Defs.' Answer (2:19-cv-01501-MCE-DB)

21. The allegations contained in Paragraph 21 of the Complaint constitute legal conclusions that require no response; to the extent a response is required, Defendants admit that the referenced judicial opinion speaks for itself and deny any remaining allegations.

22. The allegations contained in Paragraph 22 of the Complaint constitute legal conclusions that require no response; to the extent a response is required, Defendants admit that the referenced judicial opinion speaks for itself and denies any remaining allegations.

The heading that separates paragraphs 22 and 23 of the Complaint does not constitute a material allegation that requires a response. To the extent a response is required, Defendants deny the allegations.

23. The allegations contained in Paragraph 23 of the Complaint constitute legal conclusions that require no response; to the extent a response is required, Defendants admit that the referenced judicial opinions speak for themselves and that states cannot impose ballot access rules to retaliate against political opponents. Defendants deny that the Act retaliates against any individual based on their politics or speech, and deny any remaining allegations in Paragraph 23.

24. The allegations contained in Paragraph 24 of the Complaint constitute legal conclusions that require no response; to the extent a response is required, Defendants admit that the referenced judicial opinions speak for themselves and deny any remaining allegations.

25. The allegations contained in Paragraph 25 of the Complaint constitute legal conclusions that require no response; to the extent a response is required, Defendants admit that the referenced judicial opinions speak for themselves. Defendants deny that the Act discriminates or retaliates against an individual for his protected speech, and deny any remaining allegations.

26. The allegations contained in Paragraph 26 of the Complaint constitute legal conclusions that require no response; to the extent a response is required, Defendants admit that the referenced judicial opinions speak for themselves. Defendants deny that the Act discriminates or retaliates against any individual for his politics, and deny any remaining allegations.

27. The allegations contained in Paragraph 27 of the Complaint constitute legal conclusions that require no response; to the extent a response is required, Defendants admit that the referenced judicial opinions speak for themselves and deny any remaining allegations.

5

Defs.' Answer (2:19-cv-01501-MCE-DB)

The heading that separates paragraphs 27 and 28 of the Complaint does not constitute a material allegation that requires a response; to the extent a response is required, Defendants deny the allegation.

28.     The allegations contained in Paragraph 28 of the Complaint constitute legal conclusions that require no response; to the extent a response is required, Defendants admit that the referenced statute speaks for itself and deny any remaining allegations.

29.     The allegations contained in Paragraph 29 of the Complaint constitute legal conclusions that require no response; to the extent a response is required, Defendants admit that the referenced statute speaks for itself, and that it does not require the disclosure of tax returns. Defendants deny any remaining allegations.

30.     Defendants deny the allegations in the first sentence of Paragraph 30. The allegations in the second sentence merely quote from the referenced statute and, as such, require no response; to the extent a response is required, Defendants admit that the referenced statute speaks for itself and deny any remaining allegations.

The heading and subheading that separate Paragraphs 30 and 31 of the Complaint do not constitute material allegations that require a response. To the extent a response is required, Defendants deny the allegations.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint for lack of sufficient information or belief.

32.     Defendants allege that in 2014, before Donald Trump began his run for the presidency, he publicly stated that he would produce his tax returns if he ran for office, that he would "love to do that," and that he had "no problem with giving my tax returns." Defendant further alleges that, as a candidate during the 2016 presidential primary, Trump publicly stated that he was willing to release his tax returns, that they were being prepared for public release, that they were "beautiful," and that he would ultimately release them, but that he could not do so at the time because he was being audited by the Internal Revenue Service. Defendants admit the allegation in Paragraph 32 that Trump now refuses to release his tax returns. Defendants deny for lack of sufficient information or belief the allegations in the last sentence in Paragraph 32.

6

Defendants deny the remaining allegations in Paragraph 32.

33. Defendants deny the allegations in the first sentence of Paragraph 33. Defendants admit that the tweet quoted in the second sentence speaks for itself and deny any remaining allegations.

34. Defendants admit that the tweets quoted in Paragraph 34 speaks for themselves and deny any remaining allegations.

35. Defendants admit that Donald J. Trump was elected to the Office of the President by the Electoral College in the 2016 election. Defendants deny the remaining allegations of Paragraph 36.

The heading and subheading that separate paragraphs 35 and 36 do not constitute material allegations that require a response. To the extent a response is required, Defendants deny the allegations.

36. Defendants admit the allegations in Paragraph 36, and allege that SB 149 would have required all presidential primary candidates to release their tax returns, not just President Trump.

37. Defendants admit that the California Senate Bill 149 was co-authored by Senators Mike McGuire and Scott Wiener in 2017. Defendants deny that the co-authors "made clear the bill's target was President Trump . . . ." Defendants deny the remaining allegations of Paragraph 37 for lack of sufficient information or belief.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants admit that the California Office of Legislative Counsel's document number 1718407 speaks for itself and deny any remaining allegations in Paragraph 40.

41. Defendants admit the allegations in Paragraph 41 that the California Legislature passed Senate Bill 149 and presented it to then-Governor Brown.

42. Defendants admit that then-Governor Brown is a Democrat and that his veto statement speaks for itself. Defendants deny the remaining allegations in Paragraph 42 because the phrase "legal and political infirmities" is vague and unintelligible and mischaracterizes the

7

Defs.' Answer (2:19-cv-01501-MCE-DB)

veto message.

43. Defendants admit that then-Governor Brown's veto statement speaks for itself. Defendants deny the remaining allegations in Paragraph 43 because they mischaracterize the veto message.

44. Defendants deny the allegations in Paragraph 44 for lack of sufficient information or belief.

45. Defendants admit that Senators Weiner and McGuire introduced Senate Bill 27 after the election of Governor Newsom and deny any remaining allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46 for lack of sufficient information or belief.

47. Defendants admit that the Act requires presidential candidates to consent to public release of five years of tax returns (with redactions required or permitted by the Act) in order to appear on the California primary ballot; Defendants deny any remaining allegations in Paragraph 47.

48. Defendants admit that statute referenced in Paragraph 48 speaks for itself and Defendants deny any remaining allegations.

49. Defendants admit the allegations in Paragraph 49.

50. Defendants admit that statute referenced in the allegations of Paragraph 50 speaks for itself and deny any remaining allegations.

51. Defendants admit that statute referenced in the allegations of Paragraph 51 speaks for itself and deny any remaining allegations.

52. Defendants admit that independent candidates running for president are not covered by the Act; Defendants deny Defendants deny any remaining allegations in Paragraph 52.

53. Defendants admit that the Act passed the California Legislature by votes of 29-10 in the state Senate and 57-17 in the state Assembly, and that Governor Newsom signed the bill into law on July 30, 2019. Defendants deny the remaining allegations of Paragraph 53.

54. Defendants admit the allegations in Paragraph 54.

55. Defendants deny the allegations in the first sentence in Paragraph 55. Defendants

8

Defs.' Answer (2:19-cv-01501-MCE-DB)

deny the remaining allegations in Paragraph 55 for lack of sufficient information or belief.

56. Defendants deny the allegations in Paragraph 56 for lack of sufficient information or belief.

57. Defendants deny the allegations of the first sentence of Paragraph 57. Defendants admit the allegations in the second sentence of Paragraph 57 that the Senate Judiciary Committee's Comments to Senate Bill 27 at page 6 acknowledge that the Act was "prompted by Trump's break with the customary practice [of disclosing tax returns] . . . and would apply even-handedly to all future presidential candidates, regardless of party of viewpoint." Defendants deny any remaining allegations in Paragraph 57.

58. Defendants deny the allegations in the first sentence of Paragraph 58. Defendants deny the allegations in the second sentence for lack of sufficient information or belief. Defendants admit that Governor Newsom's signing statement speaks for itself and deny that it "likewise insinuated that SB 27 was a response to the President." Defendants deny the remaining allegations in Paragraph 58 for lack of sufficient information or belief.

## CAUSES OF ACTION

### COUNT I

59. Defendants incorporate their answers to allegations in the preceding paragraphs, as if set forth fully herein.

60. Defendants admit that states cannot adopt additional "Qualifications" for presidential candidates as that term is used in article II, section 1, clause 5 of the U.S. Constitution, and deny any remaining allegations.

61. Defendants deny the allegations in Paragraph 61.

### COUNT II

62. Defendants incorporate their answers to allegations in the preceding paragraphs, as if set forth fully herein.

63. Defendants deny the allegations in Paragraph 63.

### COUNT III

64. Defendants incorporate their answers to allegations in the preceding paragraphs, as

9

Defs.' Answer (2:19-cv-01501-MCE-DB)

if set forth fully herein.

65. Defendants admit that States may issue ballot-access regulations in federal elections provided such regulations comply with the First Amendment, and deny the remaining allegations.

66. Defendants deny the allegations in Paragraph 66.

## COUNT VI

67. Defendants incorporate their answers to allegations in the preceding paragraphs, as if set forth fully herein.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

## COUNT V

71. Defendants admit that the cited statutory provision speaks for itself and deny any remaining allegations.

72. Defendants deny the allegations of Paragraph 72.

Defendants deny each and every allegation not previously admitted or otherwise qualified.

## PRAYER

Answering Plaintiffs' Prayer for Relief immediately following Paragraph 72 of the Complaint, Defendants deny that Plaintiffs are entitled to the relief set forth in any of the enumerated paragraphs a-e therein, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

In addition, without admitting any allegations contained in the Complaint, Defendants assert the following separate and affirmative defenses based on information and belief:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and the claims for relief alleged therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims in this action are barred in that they do not have standing to bring them.

10

Defs.' Answer (2:19-cv-01501-MCE-DB)

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and any cause of action alleged therein, is barred because the action is premature and is not ripe, and no actual controversy exists.

### FOURTH AFFIRMATIVE DEFENSE

Defendant Becerra is entitled to immunity under the Eleventh Amendment of the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

Defendants have not knowingly or intentionally waived any applicable defense or affirmative defense. Defendants reserve the right to assert and rely upon other such defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend the Answer, defenses, and/or affirmative defenses accordingly. Defendants further reserve the right to amend the Answer to delete defenses and/or affirmative defenses that they determine are not applicable after subsequent discovery.

### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray that:

1. Plaintiffs take nothing by the Complaint and garner no relief in this case;

2. Judgment be entered in favor of Defendants;

3. The Court order that Plaintiffs compensate Defendants for the reasonable costs that Defendants expended in defending this case; and

4. The Court grant such other and further relief, in favor of Defendants and adverse to Plaintiffs, that the Court deems just and proper.

Dated: October 7, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PAUL STEIN
Supervising Deputy Attorney General

*/s/ Chad A. Stegeman*
CHAD A. STEGEMAN
Deputy Attorney General
*Attorneys for Defendants*

SA2019104152

11

Defs.' Answer (2:19-cv-01501-MCE-DB)

## CERTIFICATE OF SERVICE

Case Name: **Donald J. Trump for President, Inc., et al v. Alex Padilla, et al.**   No.   **2:19-cv-01501-MCE-DB**

I hereby certify that on <u>October 7, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' ANSWER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>October 7, 2019</u>, at Fresno, California.

| W. Garber | /s/ W. Garber |
|---|---|
| Declarant | Signature |

SA2019104152
33807112.docx